SIMON LIANSKI,

      Plaintiff,

vs.

LAS MERCEDES RESTAURANT, INC., a Florida
Profit Corporation, and FABIAN GALLEGO, as an
individual,

      Defendants.

_____/

## COMPLAINT

    Plaintiff SIMON LIANSKI, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants, LAS MERCEDES RESTAURANT, INC., a Florida profit corporation (hereinafter, "LAS MERCEDES"), and FABIAN GALLEGO, individually, collectively ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Florida Minimum Wage Act, (hereinafter "FMWA"), and damages for issuance of worthless checks under Florida Statute § 68.065.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, and the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28

U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction here as at all material times conducted and continue to conduct business in the Southern District of Florida.

4. All conditions precedent to the maintenance of this action have been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a cook. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant LAS MERCEDES is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant LAS MERCEDES had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. Defendant LAS MERCEDES is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant LAS MERCEDES is a restaurant where they use goods transported across interstate lines. Plaintiff regularly cooked on the line as well as assisted with the cleaning of the restaurant.

10. At all times material to this Complaint, LAS MERCEDES employed at least ten (10) employees.

11. At all times material to this Complaint, LAS MERCEDES, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly utilized food products, cooking instruments, and cleaning supplies.

13. Defendant LAS MERCEDES upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Defendant FABIAN GALLEGO is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, LAS MERCEDES.

15. Defendant FABIAN GALLEGO acted directly in the interest of his company, LAS MERCEDES. Upon all available information, FABIAN GALLEGO controlled the manner in which Plaintiff performed his work and the pay he was to receive.

16. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

17. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

18. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

19. From on or about February 2020 through November 2020, Plaintiff worked for Defendants.

20. At the beginning of Plaintiff's employment, the parties agreed that the Plaintiff would work as a Chef for the Defendants at a weekly rate of $1,000.00 per week.

21. However, shortly after the start of Plaintiff's employment and without notice the Defendants reduced Plaintiff's salary to $600.00 per week.

22.  Though Plaintiff was titled as a Chef, he did not do anything different than the other employees. At least 80% of Plaintiff's day to day work in a given week involved cooking on the line, cleaning and doing dishes, rather than giving directives to employees or creating new plates. Further, Plaintiff did not have any hiring or firing authority, could not set other employee's pay or discipline employees.

23. The Defendants established a weekly pay period, such that the employees were supposed to get paid once a week for the seven (7) day period ending the immediately preceding. However, starting March 2020, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late or not at all.

24. In November 17, 2020 and November 19, 2020 Defendants issued two checks to Plaintiff in response to his requests for payments of wages due. However, these checks were dishonored by the bank.

25. As a result, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

26. Defendants' failure to pay in accordance to the scheduled pay dates resulted in Defendants failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

27. Plaintiff estimates that he is owed at least Six Thousand Eight Hundred and Eighty Dollars $6,880.00 in unpaid minimum wages.

28. Throughout his employment, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for his overtime.

29. During the course of his employment, Plaintiff regularly worked 15 hours per day, five (5) days a week.

30. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

31. The Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

32. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

33. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

34. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

35. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**VIOLATION OF FLSA/UNPAID WAGES**
**against LAS MERCEDES**

36. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

37. This action is brought by Plaintiff to recover from Defendant LAS MERCEDES unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

38. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

39. Since the beginning of Plaintiff's employment, LAS MERCEDES has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due and issuing worthless checks, resulting in the payment of less than the required minimum hourly wage to the Plaintiff.

40. LAS MERCEDES knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the

required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

41. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

42. By reason of the said intentional, willful and unlawful acts of LAS MERCEDES, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

43. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

44. LAS MERCEDES never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

45. As a result of LAS MERCEDES' willful violations of the Act, Plaintiff is entitled to liquidated damages.

46. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from LAS MERCEDES.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LAS MERCEDES:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest;

    C.  Award Plaintiff an equal amount in double damages/liquidated damages;

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME
### against LAS MERCEDES

47. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

48. This action is brought by Plaintiff to recover from Defendant LAS MERCEDES unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

49. Since the commencement of Plaintiff's employment, LAS MERCEDES has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

50. Specifically, throughout his employment, Plaintiff regularly worked 75 hours during each workweek in which he was employed.

51. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment

in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

52. LAS MERCEDES is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). LAS MERCEDES business activities involve those to which the Fair Labor Standards Act applies.

53. The Plaintiff was a cook and was at all relevant times, covered by the FLSA.

54. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff did not have the decision-making authority to create plates as a Chef would and was tasked with duties such as cleaning dishes, cleaning the restaurant, and making drinks.

55. LAS MERCEDES has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

56. By reason of the said intentional, willful and unlawful acts of LAS MERCEDES, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

57. LAS MERCEDES never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

58. As a result of LAS MERCEDES' willful violations of the Act, Plaintiff is entitled to liquidated damages.

59. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from LAS MERCEDES.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LAS MERCEDES:

 A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

 C. Award Plaintiff an equal amount in double damages/liquidated damages;

 D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

 E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF FLSA/UNPAID WAGES**
**against FABIAN GALLEGO**

60. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

61. At the times mentioned, Defendant FABIAN GALLEGO was, and is now, a corporate officer of corporate Defendant, LAS MERCEDES.

62. FABIAN GALLEGO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that FABIAN GALLEGO acted directly in the interests of Defendant LAS MERCEDES in relation to their employees including

Plaintiff.

63. Specifically, FABIAN GALLEGO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

64. FABIAN GALLEGO had operational control of the business and is thus jointly liable for Plaintiff's damages.

65. Defendant FABIAN GALLEGO willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant FABIAN GALLEGO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT IV</u>**
**VIOLATION OF FLSA/OVERTIME**
**against FABIAN GALLEGO**

66. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

67. At the times mentioned, Defendant FABIAN GALLEGO was, and is now, a corporate officer of corporate Defendant, LAS MERCEDES.

68. FABIAN GALLEGO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that FABIAN GALLEGO acted directly in the interests of Defendant LAS MERCEDES in relation to their employees including Plaintiff.

69. Specifically, FABIAN GALLEGO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

70. FABIAN GALLEGO had operational control of the business and is thus jointly liable for Plaintiff's damages.

71. Defendant FABIAN GALLEGO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
**VIOLATION OF FMWA**
**against LAS MERCEDES**

72. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

73. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

74. LAS MERCEDES failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with LAS MERCEDES as alleged above.

75. Plaintiff sent a written demand for these payments dated December 15, 2020. LAS MERCEDES has failed to make any payments in accord with that demand.

76. As a direct result of LAS MERCEDES' failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of LAS MERCEDES.

77. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows against Defendant LAS MERCEDES:

    A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B. Liquidated damages;

    C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D. Such other and further relief as the court deems proper.

78. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

79. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

80. FABIAN GALLEGO failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with FABIAN GALLEGO as stated above.

81. Plaintiff sent a written demand for these payments dated December 15, 2020. Defendant has failed to make any payments in accordance with that demand.

82. As a direct result of FABIAN GALLEGO's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of Defendant.

83. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows against Defendant FABIAN GALLEGO:

A. Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

B. Interest on the amount found due;

C. A jury trial on all issues so triable; a

D. Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

E. Such other relief as the Court deems just and proper.

**COUNT VII**
**VIOLATION OF SECTION 68.065, FLORIDA STATUTES**
**against LAS MERCEDES**

84. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

85. On or about November 17, 2020, LAS MERCEDES issued and delivered to Plaintiff check No. 1150 drawn from Defendant's account at Bank of America in the face amount of Eight Hundred and Eighty Dollars ($880.00) ("worthless check No. 1150").

86. Plaintiff attempted to cash worthless check No. 1150, which was rejected by Bank of America.

87. On or about November 19, 2020, LAS MERCEDES issued and delivered to Plaintiff check No. 1027 drawn from Defendant's account at Bank of America in the face amount of Six Thousand Dollars ($6,000.00) ("worthless check No. 1027").

88. Plaintiff attempted to cash worthless check No. 1027, which was immediately rejected and dishonored by Bank of America.

89. On or about December 15, 2020, Plaintiff through its counsel, submitted a written notice of the worthless check and demand for payment via certified mail as required by Section 68.065 Florida Statutes to LAS MERCEDES.

90. Upon information and belief Defendant issued the worthless checks with the intent to defraud Plaintiff. Defendant knew that there were insufficient funds in the account to support the issued instruments

91. As provided for in Section 68.065, Florida Statutes, the letter demanded payment from LAS MERCEDES within (30) days of the date of the letter for the full amount of the dishonored checks plus a five percent (5%) service charge.

92. In accordance with Section, 68.065, Florida Statutes, Plaintiff (1) provided written notice to LAS MERCEDES in a substantially similar form as that provided for in the statute and (2) pursuant to the delivery requirements.

93. To date, more than thirty (30) days have lapsed from the date of the receipt of the letter and LAS MERCEDES has failed to pay Plaintiff the amount owed for the Dishonored Checks.

94. LAS MERCEDES is in violation of Section 68.065, Florida Statutes for failing to make payment to Plaintiff in the amount owed for the dishonored checks.

95. As a consequence of the LAS MERCEDES' issuance of the worthless checks, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LAS MERCEDES:

A.  Award Plaintiff actual damages in the amount on the worthless check;

B.  Award Plaintiff three times the amount of each instrument in treble damages/liquidated damages pursuant to the Statute;

C.  Assessment against Defendant of reasonable costs and, pursuant to Florida Statute, reasonable attorney's fees of this action; and

D.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## **DEMAND FOR JURY TRIAL**

Plaintiff, SIMON LIANSKI demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 24, 2021

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com